# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**CHRISTOPHER D. FRENTZOS,**
**On Behalf of Himself**
**and All Others Similarly Situated,**

      **Plaintiff,**

                                     **Case NO.**
                                     **Hon.**
                                     **CLASS ACTION**

**v.**

**NAVIENT SOLUTIONS, INC aka**
**NAVIENT DEPARTMENT OF EDUCATION**
**LOAN SERVICING**

      **Defendant.**

                                                           /

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, **CHRISTOPHER D. FRENTZOS** ("Plaintiff") on behalf of himself and others similarly situated, by and through counsel, The Law Offices of Brian Parker, PC, and bring this action against the above listed Defendant, **NAVIENT SOLUTIONS, INC aka NAVIENT DEPARTMENT OF EDUCATION LOAN SERVICING** ("Navient") on the grounds set forth herein:

## I.  PRELIMINARY STATEMENT

1.

Plaintiff, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who, *inter alia* and under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Michigan Collection Practices Act (RCPA), codified at MCL 445.251 et seq. used false,

deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others through false names, false government sponsorship and exposure of Michigan Consumers' private debt information on the envelopes.

<div align="center">2.</div>

The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Collection Practices Act (RPCA), codified at MCL 445.251 et seq., Such violative collection practices include, *inter alia*, sending consumers written communications that:

(a) make false, deceptive, and misleading representations that Defendants are sponsored by the US Department of Education; and

(b) falsely representing or implying that a uses a pseudonym or alias false name such that the least sophisticated consumer does not know who is contacting or collecting from them; and

(c) are designed, compiled, and furnished in a form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.; and

(d) Exposing personal information and placing debt collection information and student loan markings on Michigan Consumers' envelopes when making writing communications by mail.

(e)     Placing false corporate and trade names on envelope sent to Michigan Consumers when collecting a debt.

(f)     Creating collection communications that falsely representing to be part of or authorized by a state or agency with words or the official seal.

3.

Plaintiff on behalf of himself and all others similarly situated, seeks statutory and actual damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RCPA, and all other common law or statutory regimes.

## II.    CASELAW AND GOVERNTING STATUTES

4.

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct

violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

6.

To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16.

7.

Liability is imposed upon creditors not only where the creditor uses aliases or pseudonyms but also "where the creditor merely implies that a third party is collecting a debt when in fact it is the creditor that is attempting to do so." *Larson v. Evanston NW. Healthcare Corp.*, No. 98 C 0005, 1999 WL 518901, at *2 (N.D. Ill. July 19, 1999) at *3 (citing *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998)).

8.

Where a creditor, in the process of collecting its own debts, hires a third party for the express purpose of representing to its debtors that the third party is collecting the creditor's debts, and the third party engages in *no bona fide efforts* to collect those debts, the false name exception exposes the creditor to FDCPA liability. *Vincent v. Money Store*, Court of Appeals, 2nd Circuit 2013 Docket No. 11-4525-cv. (November 13, 2013). *Vincent v. The Money Store*, ___ F.3d ___, No. 11-4525-cv (2d Cir. 2013).

9.

15 U.S.C. § 1692j addresses the use by a creditor of a third party's letterhead in order to 'give the delinquency letters added intimidation value, as it suggests that a collection agency or

some other party is now on the debtor's back.'" *Passa v. City of Columbus*, 748 F. Supp. 2d 804,

813 (S.D. Ohio 2010) (alteration omitted) (quoting *Gutierrez v. AT&T Broadband*, LLC, 382

F.3d 725, 734-35 (7th Cir. 2004)) (internal quotation marks omitted); see also S. Rep. No. 95-

382 at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699."

10.

The FDCPA, creates a "false name" exception when a creditor like Navient "who, in the

process of collecting his own debts, uses any name other than his own which would indicate that a

third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a (6).

11.

A creditor uses a name other than its own when it uses a name that implies that a third

party is involved in collecting its debts, `pretends to be someone else' or `uses a pseudonym or

alias.' This false name exception aims to prevent deceit as to who is actually collecting the

debt. *See Maguire v. Citicorp Retail Services, Inc.,* 147 F.3d 232, 236 (2d Cir.1998).

12.

A debt collector may not make use of or distribute any written communication which

simulates or is falsely represented to be a document authorized, issued, or approved by any court,

official, or agency of the United States or any State, or which creates a false impression as to its

source, authorization, or approval. 15 U.S.C. § 1692e (9).

13.

A debt collector may not make use of any business, company, or organization name other

than the true name of the debt collector's business, company, or organization. 15 U.S.C. § 1692e

(14).

14.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

<div align="center">15.</div>

In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

<div align="center">16.</div>

The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

### III. PARTIES

<div align="center">17.</div>

The plaintiff, Christopher D. Frentzos is a natural person and consumer, a resident of Ann Arbor, Washtenaw County, State of Michigan, and a "consumer" as defined by the FDCPA and

RCPA.

<div align="center">18.</div>

The defendant Navient Solutions, Inc. aka Navient-Department of Education Services is a creditor that is a debt collector under the false name exception of 15 U.S.C. §1692a(6) with a resident agent and office located in East Lansing, County of Ingham, State of Michigan.

<div align="center">19.</div>

The defendant is defined as a person under 15 U.S.C. §1692j(b)

## IV. JURISDICTION AND VENUE

<div align="center">20.</div>

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

<div align="center">21.</div>

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

<div align="center">22.</div>

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

<div align="center">23.</div>

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

24.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

25.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

## REGULATON OF COLLECTION PRACTICES ACT (RCPA)

26.

The Regulation of Collection Practices Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

27.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

28.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed

or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

29.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

30.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

31.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does

not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

<div align="center">32.</div>

"Person" means an individual, sole proprietorship, partnership, association, or corporation.

<div align="center">33.</div>

A Creditor or Regulated Person may not use seals or printed forms or a government agency or that induce belief in the consumer that the collection forms have official sanction. MCL 445.252© and (d).

## V. FACTUAL ALLEGATIONS

<div align="center">34.</div>

Defendant is communicating with Plaintiff and class members in the State of Michigan through a series collection letters announcing they are sponsored by the Department of Education and stating on the outside of the envelopes that they are from Navient, Department of Education Loan Servicing and with "Important Information About Your Student Loan." **Please see Exhibit 1 and 2**.

<div align="center">35.</div>

The letters and envelopes are designed to give the impression that they are from and sponsored by the Department of Education with a false name of NAVIENT Department of Education Loan Servicing when there is no reason to place this on the correspondence to people that owe a student debt.

<div align="center">36.</div>

The name "Navient" is not a trade name registered in Michigan as the trade name of Navient or Navient Solutions, Inc.

<center>37.</center>

Defendant Navient is advising the student debtor in the letter that, "Note: This is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose" in its correspondence to Plaintiff and Michigan consumers.

<center>38.</center>

On the "Navient" website, each page states,

"© 2015 Navient Solutions, Inc. All rights reserved. Navient and the Navient logo are the service marks of Navient Solutions, Inc. Navient Corporation and its subsidiaries, including Navient Solutions, Inc. are not sponsored by or agencies of the United States of America." **Exhibit No. 3**.

<center>39.</center>

Yet, the letter and envelopes Michigan Consumers receive give the least sophisticated consumer the false impression that a Department of Education sponsored party is collecting the debt. **Please see Exhibit 1 and 2**.

<center>40.</center>

In fact, while the Navient website states that the entity is not sponsored or agencies of the Department of Education, the Seal of the Department of Education is on the letters and envelopes sent to Michigan Consumers as though it is provided by and sponsored by the Department when that is false impression. **Please see Exhibit 1 and 2**.

<center>41.</center>

Defendant is sending the correspondence to Michigan Consumers generally and the

Plaintiff specifically while giving the false impression that the Department of Education is collecting the debt on the envelope and letter. **Exhibit No. 1 and 2**.

42.

The letters and envelopes appear to come from either Navient-Department of Education Loan Servicing, Navient-Department of Loan Services or The Department of Education itself as stated in the letter and envelope along with the Seal of the Department of Education.

43.

These three possible names are not accurate and further, Navient's name appears to be false and not a real department within Navient Solutions as there does not appear to be a Department of Education Loan Services or "Servicing" on the website Navient.com that the consumer is told to contact in each letter at **Exhibit 1**.

44.

By using a name on the letter and envelopes other than its own, Defendant gives the least sophisticated consumer the false impression that a third party, Navient Department of Education Loan Services or Servicing or the Department of Education itself was collecting the debt. **15 U.S.C.** § 1692a(6).

45.

Defendant Navient has sent letters to Michigan residents in violation of 15 USC § 1692j. The FDCPA prohibits a practice known as "flat-rating," providing that:

> (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

(b) Any person who violates this section shall be liable to the same extent

and in the same manner as a debt collector is liable under section 1692k of

this title for failure to comply with a provision of this subchapter. 15 U.S.C. § 1692j.

<div align="center">46.</div>

That Defendant Navient is a person creating the forms and envelope that create a false

belief that the Department of Education is collecting the debt or is sponsoring the collection of

the debt by Navient at 15 U.S.C. § 1692j.

<div align="center">47.</div>

That the letters and envelopes at **Exhibit 1 and 2** violate 15 U.S.C. 1692e (10) by using

false, deceptive and misleading representations and means in connection with the collection or

attempted collection of a debt as mentioned above.

<div align="center">48.</div>

That the letters and envelopes at **Exhibit 1 and 2** violate 15 U.S.C. 1692e (14) with the

use of any business, company, or organization name other than the true name of the debt

collector's business, company, or organization when claiming to be a debt collector but using

Memorial in the letter.

<div align="center">49.</div>

That the letters and envelopes at **Exhibit 1 and 2** violate 15 U.S.C. 1692e (9) by making

use of a document or government seal authorized, issued, or approved by any court, official, or

agency of the United States or any State, or which creates a false impression as to its source,

authorization, or approval by placing the Seal of the US Dept. of Education on its letters and

envelopes when it clearly provides on its website that it is not sponsored or an agency of the

United States of America.

<div align="center">50.</div>

Defendants have violated the Regulation of Collection Protection Act (RCPA) 445.251 et seq., but are not necessarily limited to the following:

    a.   Defendant has violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt with the use of false statements in the envelopes and letters at **Exhibit 1 and 2**.

    b.   Defendant has violated MCLA 445.252(c) by using seals or forms of a government agency or instrumentality at **Exhibit 1 and 2** with the Seal of the US Dept. of Education

    c.   Defendant has violated MCLA 445.252(d) by using letters and envelopes that induce the belief that they have judicial or official sanction at **Exhibit 1 and 2**.

    d.   Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

<div align="center">51.</div>

Further, Defendants are sending these type of letters and envelopes in the State of Michigan to residents and debtors who owe student loan debts with the announcement on the envelopes that the enclosed letter is about a Student Loan debt in violation of 15 U.S.C. § 1692f(8) at **Exhibit 2**.

<div align="center">

**VI. CLASS ACTION ALLEGATIONS**

</div>

<div align="center">52.</div>

Plaintiff realleges the above pleadings.

<div align="center">53.</div>

Plaintiff brings this lawsuit as a class action. Plaintiff tentatively defines two classes as all persons in the State of Michigan who, during the one year prior to the filing of this complaint,

were sent letters and envelopes similar to **Exhibit 1 and 2**. Plaintiff may subsequently refine the class definition in light of discovery.

<div align="center">54.</div>

The FDCPA Class consists of (i) all persons with a Michigan address that have received the collection letter and envelopes that is in violation of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692j and 15 U.S.C. § 1692e(14), 15 U.S.C. § 1692e(8) and 15 U.S.C. § 1692e(9) (ii) in which a demand for payment of an outstanding balance is made through a letter and envelope from Defendants similar to **Exhibit 1 and 2**, and (iii) which letter was sent during the one year period immediately preceding the filing of this complaint and the date of class certification; and

<div align="center">55.</div>

The MCPA Class consists of (i) all persons with a Michigan address that have received the collection letter that is in violation of MCLA 445.252(e), MCLA 445.252(c), MCLA 445.252(d) and (q), (ii) in which a demand for payment of an outstanding balance is made through a letter and envelope from Defendants similar to **Exhibit 1 and 2**, and (iii) which letter was sent during the six year period immediately preceding the filing of this complaint and the date of class certification.

<div align="center">56.</div>

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendants' conduct in connection with the mailing of **Exhibit 1 and 2** and similar letters to consumers violates the FDCPA and RCPA with Navient sending a collection letter while misrepresenting a statement of collection on the letter and envelopes Michigan Consumers are receiving.

<div align="center">57.</div>

There are no individual questions, other than whether the class member received one of the offending letters, which can be determined by a ministerial inspection of the records and collection notes of Defendants.

58.

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in litigating the FDCPA and RCPA consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests which might cause them to not vigorously pursue this claim.

59.

Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

60.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who receive **Exhibit 1 and 2** undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

61.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a)  The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

62.

There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.   The predominant questions are:

a.  Whether defendant Navient Solutions, Inc. had a practice of sending a collection letters and envelopes while misrepresenting to debtors that Navient Department of Education Loan Servicing or The US Department of Education is collecting or sponsoring the collection of the debt when it is not.

b.  Whether doing so violated the FDCPA and RCPA.

63.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

64.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## VII. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

65.

Plaintiff realleges the above pleadings.

66.

Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a.      Defendants violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using **Exhibit 1 and 2** as mentioned above; and

b.      Defendants collected on the debt and violated 15 U.S.C. 1692j by designing and furnishing the subject letter and envelope at **Exhibit 1 and 2** knowing that such format would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating as stated above by using the name, Navient or Navient Department of Education Loan Servicing; and

c.      Defendants violated 15 U.S.C. 1692e(10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer with the use of **Exhibit 1 and 2** as mentioned above.

d.      Defendant violated 15 U.S.C. 1692e(14) with the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization when claiming to be a debt collector but using Navient or Navient Department of Loan Servicing in the letter as stated above. **Exhibit 1 and 2**.

e.      Defendant violated 15 U.S.C. 1692e(9) with the use by Navient of the US Department of Education Seal and sponsorship in the eyes of the unsophisticated consumer receiving letters and envelopes from Navient or Navient Department of Education Loan Serving as

stated above. **Exhibit 1 and 2**.

f.      Defendant violated 15 U.S.C. 1692f(8) by placing information on the collection envelope announcing to the world that the enclosed letter is concerning a debt of Plaintiff or any Michigan Consumer with words on the envelope that state, "Information about your federal student loan" or "Important information about your student loan" as stated above. **Exhibit 2**.

**Wherefore**, Plaintiff seeks judgment against Defendant for:

a.      Statutory damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.      Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d.      Such further relief as the court deems just and proper.

### Count 2-Michigan Collection Practices Act

67.

Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not necessarily limited to, the following:

a.      Defendant violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt using **Exhibit 1 and 2** as mentioned above;

b. Defendant violated MCLA 445.252© by using seals of the US Department of Education on its letters and envelopes in collecting a debt when Defendant is not part of or sponsored by the US Department of Education. See **Exhibit 1 and 2** as mentioned above.

c. Defendant violated MCLA 445.252(d) by using letters and envelopes with seals from the US Department of Education to make the person receiving the letters that believe they are from the government and heighten the fear to act on the letters. See **Exhibit 1 and 2** as mentioned above.

d. Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

 **Wherefore**, Plaintiff seeks judgment against Defendants for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Statutory damages for each member of the MOC Class in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2), and without regards to defendant's net worth;

c. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the MCPA, as well as an injunction, enjoining Defendants from using **Exhibit 1 and 2** letters and envelopes which violate Michigan law; and

d. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

## **JURY TRIAL DEMAND**

Plaintiff demands a Trial by Jury on all issues.

This 24th day of April, 2015.

<div style="margin-left:40%">

Respectfully submitted,

/s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff

</div>